# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 07-11565 |
| J.S. II, L.L.C., et al., ) | (Jointly Administered) |
| ) | Adv. No. 08-00072 |
|         Debtors. ) | |
| ) | Hon. Jacqueline P. Cox |
| ) | |
| J.S. II, L.L.C., RIVER VILLAGE I, L.L.C., ) | |
| RIVER VILLAGE WEST, L.L.C., AND KND ) | Case No. 08 C 1425 |
| INVESTMENTS, L.L.C., ) | |
| ) | Hon. Virginia M. Kendall |
|         Plaintiff, ) | |
| v. ) | Magistrate Judge Michael T. Mason |
| ) | |
| BRICKCRAFT, INC., ANTHONY ) | (Transmitted from Bankruptcy Court |
| SPLENDORIA AND ROBERT SPLENDORIA, ) | for Motion to Withdraw the Reference) |
| ) | |
|         Defendants. ) | |

## RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW REFERENCE

Plaintiffs, J.S. II, L.L.C., River Village I, L.L.C., River Village West, L.L.C. and KND Investments, L.L.C. (collectively, the "Debtors"), hereby respond in opposition to the motion ("Motion") of defendants, Brickcraft, Inc. ("Brickcraft") and Anthony Splendoria and Robert Splendoria (the "Splendorias" and collectively, "Defendants"), to withdraw the reference. In support of this Response, the Debtors respectfully state as follows:

On February 5, 2008, the Debtors filed a three-count Adversary Complaint (the "Complaint") against the Defendants. The Debtors acknowledge that Counts I and II of the Complaint, which are asserted against all of the Defendants, involve non-core issues. The Debtors note, however, and the Defendants tacitly acknowledge, that Count III of the Complaint, which is solely against Brickcraft, and the Debtors' objection to Brickcraft's proof of claim involve core issues. Thus, the Complaint involves core and non-core issues as to Brickcraft.

{5618 RESP A0202767.DOC}

Although the Splendorias have a right to trial by jury as to Counts I and II and have refused to consent to such trial before the bankruptcy court, Brickcraft does not possess a right to trial by jury.  Accordingly, this case presents a situation where the Complaint may ultimately require a trial by jury in this Court as to the Debtors' causes of action against the Spledorias but where, absent the Splendorias' jury demand, Brickcraft would not likely be able to establish cause to withdraw the reference.  Under the circumstances, this Court should deny without prejudice the Defendants' motion to withdraw the reference or postpone withdrawal of the reference pending the completion of pre-trial matters and discovery in the bankruptcy court.

Many courts have held that withdrawal of the reference at this stage in an adversary proceeding is premature.  *See Plan Adm'r v. Lone Star RV Sales, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 55-56 (N.D. Ill. 2005) (denying motion to withdraw reference without prejudice and allowing defendant to renew motion if and when it became clear matter would actually be tried before a jury); *Baldi v. Longview Aluminum*, 2002 WL 31834491, at *1 (N.D. Ill. Dec. 12, 2002) (postponing withdrawal until pre-trial matters and discovery have been completed). "Courts have recognized that the interests of judicial economy and efficiency are served by keeping an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial." *In re Conseco Fin. Corp.*, 324 B.R. at 56.  *See also In re Lezdey*, 2007 WL 2609766 (M.D. Fla. Sept. 6, 2007) (denying motion to withdraw reference without prejudice until case is actually ready for trial).

In denying a motion for withdrawal of the reference as premature, the district court in *Enron Power Mktg., Inc. v. Virginia Elec. And Power Co. (In re Enron Corp.)*, 318 B.R. 273 (S.D.N.Y. 2004), explained that (i) the bankruptcy court is in a better position to manage pretrial proceedings in adversary proceedings because of its familiarity with the debtors' bankruptcy

cases in general and (ii) the defendants will not be prejudiced by having the bankruptcy court oversee pretrial matters (such as discovery disputes and dispositive motions) that would not be determined by a jury in any event.  *Id.* at 275-76.  As Judge Norberg explained in *In re Dreis & Krump Mfg. Co.*, 1995 WL 41416 (N.D. Ill. Jan. 31, 1995), a court may wait until the case is ready to go to trial before withdrawing the reference, because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congresses' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible."  *Id.* at *3.

In this case, although Counts I and II of the Complaint involve non-core issues against the Splendorias who have jury trial rights, Count III involves a core bankruptcy matter (i.e., equitable subordination pursuant to 11 U.S.C. § 510(c)) against Brickcraft that should be allowed to proceed in the bankruptcy court until it is a clear that a trial on the merits is necessary to resolve all counts in the Complaint.  The bankruptcy court is certainly capable of overseeing these pretrial matters.  Indeed, even though this adversary proceeding is in its infancy, the bankruptcy court has presided over the Debtors' cases for the past year and is more familiar with the Debtors' businesses and the circumstances precipitating the commencement of their bankruptcy cases.  The Defendants, on the other hand, will not suffer any prejudice if pretrial matters are resolved by the bankruptcy court.

For the foregoing reasons, the Debtors respectfully request that this Court deny the Motion without prejudice or postpone withdrawal of the reference until pretrial matters are resolved and the Complaint is ready to go to trial.

Respectfully submitted,

J.S. II, L.L.C., River Village I, L.L.C., River Village West, L.L.C. and KND Investments, L.L.C.

Dated: March 24, 2008

By: /s/ Mark L. Radtke
    One of their attorneys

Steven B. Towbin (#2848546)
Mark L. Radtke (#6275738)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, Illinois 60610
Tel: (312) 541-0151
Fax: (312) 980-3888

**CERTIFICATE OF SERVICE**

Mark L. Radtke certifies that he caused to be served a true copy of the attached pleadings through the Electronic Mail Notice List on the attached service list on this 24th day of March, 2008.

/s/ Mark L. Radtke

## Mailing Information for a Case 1:08-cv-01425

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Janice A Alwin**
  jalwin@shawgussis.com

- **Stephen J. Raab**
  jraab@shawgussis.com,lgonzalez@shawgussis.com

- **Robert Radasevich**
  rradasevich@ngelaw.com

- **Richard Allen Saldinger**
  rsaldinger@shawgussis.com

- **Steven Bennett Towbin**
  stowbin@shawgussis.com

- **Katherine Davis Vega**
  kvega@ngelaw.com